**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 03:36 PM June 2, 2015**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| THAD MATTHEW WHITE AND | ) | CASE NO. 15-61176 |
| VICKI LYNN WHITE, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

     This case is before the court *sua sponte*. Debtors, acting *pro se*, filed a joint chapter 7 petition on May 29, 2015. Exhibit D indicates that they seek a temporary waiver of the credit counseling circumstances based on exigent circumstances. The court has subject matter jurisdiction under 28 U.S.C. § 1334(b) and the order of reference, General Order 2012-7, dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## DISCUSSION

     Debtors' exigent circumstances are described as follows: "I do plan to complete the credit counseling with [sic] the 30 day time period after filing bankruptcy due to money constraints at this time i [sic] am unable to complete the counseling before filing." (Ch. 7

1

Petition, Ex. D, ECF No 1)   Unfortunately for Debtors, this court ruled that financial hardship is not an exigent circumstance.   In re Mitchell, 2009 WL 2877859 (Bankr. N.D. Ohio 2009) (citations omitted).   The Bankruptcy Code instructs credit counseling agencies to, "if a fee is charged for counseling services, charge a reasonable fee, and provide services without regard to ability to pay the fee."   11 U.S.C. § 111(c)(2)(B).   Therefore, Debtors should have been able to obtain the credit counseling regardless of their ability to pay.   Moreover, all debtors filing bankruptcy are experiencing financial hardship.   If that were the applicable criterion, no one would pay the filing fee.

To obtain a waiver, the Bankruptcy Code also requires a debtor to set forth the attempts made to obtain the counseling.   11 U.S.C. § 109(h)(3)(A)(ii).   Debtors did not fulfill this requirement.

In light of the above, Debtors have failed to satisfactorily demonstrate they are entitled to a temporary waiver of the credit counseling requirement under 11 U.S.C. § 109(h)(3).   Since they did not obtain the credit counseling before they filed this case, as required by § 109(h), they are ineligible to be debtors.   The court will dismiss the case by separate order to be entered immediately.

#          #          #

**Service List:**

Thad Matthew White
Vicki Lynn White
625 Wilson St
Bolivar, OH 44612

Lisa M. Barbacci
PO Box 1299
Medina, OH 44258-1299

2